**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JAMES HANEY,** ) | CASE NO.  1:08 CV 1782 |
| ) | |
| Plaintiff, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | |
| ) | |
| **DANIEL A. DUNLAP**, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendants. ) | **AND ORDER** |

### I. Introduction

Before the Court is the Motion for Judgment on the Pleadings filed February 3, 2009 ("Motion") (**ECF No. 11**) by Defendants Gregory Williams and Bruce LaForge.  Plaintiff James Haney has filed a Reply in Opposition March 3, 2009.  (ECF No. 18.)  For reasons set forth below, the Court (1) treats the Motion as a Motion for Summary Judgment, (2) **GRANTS** Defendants' Motion for Summary Judgment.

### II. Facts

James Haney ("Plaintiff") was allegedly shoplifting from a grocery store. (Compl., ¶ 7.)  When confronted, Plaintiff fled into his vehicle and sped away, leading police on a high-speed chase across multiple cities, at one point striking a police vehicle.  (Pl. Reply Br., Ex. A, B, C, D.)  "After a while" Plaintiff left his vehicle (Compl., ¶ 8) and fled on foot through the front lawn of a local business.  (*Id.*, Ex. C, D.)  Patrolman Williams was able to catch and tackle the Plaintiff. (Compl., ¶ 8.)  Plaintiff alleged that he was "knocked un/or semi conscious" (Compl., ¶ 9) but "continued to struggle" with Patrolman Williams.  (Pl. Reply Br., Ex. C.)

Plaintiff was then tasered by Patrolman LaForge and pepper-sprayed by an unknown officer. (Compl., ¶ 9.) Plaintiff was subsequently subdued and hand-cuffed. (Pl. Reply Br., Ex. C).

In Lake County Common Pleas Court, Plaintiff pled guilty to, and was convicted of resisting arrest and assault. (ECF No. 13, Ex. A.)

Plaintiff has brought the instant action in federal court under 42 U.S.C. §1983, alleging Patrolmen Williams and LaForge used excessive force during his arrest. Plaintiff seeks compensatory and punitive damages for injuries sustained from Defendants' conduct. (ECF No. 1.)[1] Defendants have answered and filed the instant 12(c) Motion, arguing (1) *Cummings v. City of Akron*, 418 F.3d 676 (6th Cir. 2005) legally bars Plaintiff's claims because any relief under § 1983 would necessarily invalidate Plaintiff's prior assault conviction; (2) Defendants' conduct was objectively reasonable; and (3) Defendants are entitled to qualified immunity . (ECF No. 11.)

### III. Applicable Law

Pursuant to Fed. R. Civ. P. 12(h)(2), a motion for judgment on the pleadings under Rule 12(c) is determined under the same standard of review as a motion to dismiss under Rule 12(b)(6). *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-512 (6th Cir. 2005); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987). Consideration of matters outside the pleadings presented to and not excluded by the court will require treatment of the 12(c) motion as one for summary judgment. Fed.R.Civ.P. 12(d). The Court need not give notice to a plaintiff

---

[1] Plaintiff also brought claims against Willowick Sheriff Daniel A. Dunlap and the City of Willowick Police Department. Because the Complaint alleged no facts suggesting (1) any personal involvement by Sheriff Dunlap in Plaintiff's arrest, and (2) any City of Willowick custom or policy that violated Plaintiff's federally protected rights, these claims were dismissed by the Court October 31, 2008. (ECF No. 3.)

who has actual or constructive notice of such action. *Melton v. Blankenship*, No. 08-5346, 2009 WL 87472, at *5 (6th Cir. Jan. 13, 2009), citing *Dayco Corp v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 393 (6th Cir. 1975).

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In assessing the merits of the motion, the Court shall draw all justifiable inferences from the evidence presented in the record in the light most favorable to the nonmoving party. *Wyothal v. TexTenn Corp.*, 112 F.3d 243, 245 (6th Cir. 1997). Thus "if a party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case", summary judgment should be granted against that party. *Beecham v. Henderson County*, 422 F.3d 372, 374 (6th Cir. 2005).

Individuals have a constitutional right not to be subjected to excessive force during an arrest. *Graham v. Connor*, 490 U.S. 386, 388 (1989). Title 42, U.S.C. §1983 imposes civil liability on someone who (1) violated a constitutionally protected right (2) under color of state law. *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Claims of excessive force are analyzed under the Fourth Amendment's objective reasonableness standard. *Graham*, 490 U.S. at 395. In determining objective reasonableness, the totality of the circumstances will be considered in balancing the nature and quality of the Fourth Amendment intrusion against the countervailing governmental interests at stake. *Id.* at 396.

### IV. Analysis

Ordinarily, when considering a motion to dismiss or a motion for judgment on the pleadings, the Court cannot consider matters outside the pleadings without converting the motion to one for summary judgment. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). Here, Plaintiff has attached police affidavits and transcripts as exhibits in support of his opposition brief. Pursuant to Fed.R.Civ.P. 12(d), the Court finds that such documents are "matters outside the pleadings" and treats the instant Motion as one for Summary Judgment.[2] Because Plaintiff introduced these outside materials in his own response in opposition, he is deemed to have received notice of the possibility of such conversion. *Hartman v. Tyner, Inc. v. Charter Tp. of West Bloomfield*, No. 92-1335, 985 F.2d 560 (Table), 1993 WL 15130, at *2 (6th Cir. Jan. 22, 1993); *Dayco*, 523 F.2d at 393 (6th Cir. 1975).

The Supreme Court has recognized that police officers have an essential duty to arrest suspects and, necessarily, "the right to use some degree of physical coercion or threat." *Graham*, 490 U.S. at 396. Whether the arresting officer's use of force is reasonable should be evaluated on a case by case basis, from the perspective of an officer on the scene, and in light of the "difficulties of modern police work." *Baker v. City of Hamilton*, 471 F.3d 601, 606 (6th Cir. 2006); *Scott v. Harris*, 550 U.S. 372 (2007). Although the Court's final inquiry turns on whether the totality of the circumstances justifies the force used to accomplish the arrest, the Supreme Court has identified three factors central to the determination of reasonableness: (1) the severity of the crime at issue; (2) whether the suspect posed an immediate threat to the police officers or

---

[2]In their Motion, Defendants attached a Judgment Entry from Lake County Common Pleas Court. (ECF No. 11, Ex. A.) Because the Judgment Entry is part of public record, it would not be considered "outside the pleadings." *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir.2008).

others; and (3) whether the suspect actively resisted arrest or attempted to evade arrest by flight. *Graham*, 490 U.S. at 396.

Here, Plaintiff's crimes at issue are shoplifting, resisting arrest, and assault. Plaintiff has submitted exhibits in support of his Response in Opposition to Defendants' Motion that detailed his flight from authorities. (ECF No. 18.) These exhibits show that from a time of 6:52 p.m. to 7:05 p.m. on July 26, 2006, Plaintiff, *inter alia*, took police on a 70-mph chase on Rte. 2 and I-90, went off-road while changing directions multiple times, and hit a police vehicle. *Id.* While the severity of Haney's alleged initial crime of shoplifting is relatively low, Plaintiff's own exhibits show that for almost fifteen minutes, he fled in complete disregard of anyone around him, struck a police car, and posed an imminent, immediate danger to the safety of police officers, himself, and others. Finally, the exhibits submitted by Plaintiff show that Haney not only fled from police, but also that before being tased and ultimately subdued and cuffed, he was struggling after having been tackled. The *Graham* factors thus favor a finding of reasonableness for the Defendants.

When considered in the totality of circumstances, Patrolman Williams tackling Haney and bringing his reckless flight to an end is clearly reasonable. The fact that Haney, while running away, sustained bodily injury or lost consciousness in the process of being brought down against a hard surface is just one of many risks he could have avoided by simply not fleeing from the officers. Furthermore, it would hardly be reasonable for Patrolman Williams, while pursuing a fleeing suspect, to wait for Haney to run onto a soft, cushioned surface before tackling him.

Patrolman LaForge's conduct is also reasonable. As stated in Plaintiff's Exhibit

C, Haney "continued to struggle" after having been tackled. *Id.* In order to subdue and handcuff the Plaintiff, Patrolman LaForge used a single five-second charge from his taser. (*Id.*, Ex. D.) Plaintiff does not allege suffering any physical injury from such act. Other courts, when faced with similar facts, have held that such conduct is proportionate to the circumstances and is reasonable. *Ewolski v. City of Brunswick*, 287 F.3d 492 (6th Cir. 2002); *Russo v. City of Cincinnati*, 953 F.2d 1036, 953 F.2d 1036 (6th Cir. 1992); *Goebel v. TASER International*, 2007 WL 2713053 (N.D.Ohio 2007); *Biggers v. Lowe*, 2007 WL 2071915 (S.D.Ohio 2007); *Devoe v. Rebant*, 2006 WL 334297 (E.D.Mich. 2006); *Johnson v. City of Lincoln Park*, 434 F.Supp.2d 467,469 (E.D.Mich. 2006); *RT v. Cincinnati Public Schools*, 2006 WL 3833519 (S.D.Ohio 2006); *Draper v. Reynolds*, 369 F.3d 1270 (11th Cir. 2004). Considering that (1) Plaintiff was resisting arrest and not handcuffed at the time, (2) Patrolman LaForge discharged the taser only once so that Plaintiff could then be subdued and handcuffed, and (3) Plaintiff suffered no physical injury from such conduct, it is clear that Patrolman LaForge engaged in objectively reasonable behavior under the circumstances.

Having concluded Defendants' actions were objectively reasonable, and that Defendants are therefore entitled to summary judgment, the Court need not reach the other arguments Defendants presented in support of their Motion.

### V. Conclusion

Based on all of the above reasons, Defendants' Motion for Summary Judgment  is hereby **GRANTED.**

*/s/Dan Aaron Polster     March 25, 2009*
**Dan Aaron Polster**
**United States District Judge**